For the reasons stated, the protest is overruled and judgment will be entered for the defendant.

(C.D. 3315)

E. DILLINGHAM, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 28, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

MALETZ, Judge: The protests enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed VMA (Import

Specialist's Initials) by Import Specialist Vernon M. Allen (Import Specialist's Name) on the invoices covered by the protests enumerated in Schedule "A" attached hereto and made a part hereof, were assessed with duty under Item 737.90 of the Tariff Schedules of the United States, as parts of toys, not specially provided for, other than those having a spring mechanism, and duty was assessed at the rate of 35% ad valorem.

IT IS FURTHER STIPULATED AND AGREED that said merchandise consists of unfinished photographic projection screens of the type specified in Item 722.70, TSUS.

IT IS FURTHER STIPULATED AND AGREED that plaintiff claims that said merchandise is dutiable at 20% ad valorem under Item 722.70 by reason of General Interpretative Rule 10(h) which provides in pertinent part "* * * a tariff description for an article covers such article, * * * whether finished or not finished;" and General Interpretative Rule 10(ij) which provides in pertinent part that a provision for "parts" of an article "does not prevail over a specific provision for such part."

IT IS FURTHER STIPULATED AND AGREED that merchandise the same in all material respects was the subject of the decision of this Court in *E. Dillingham, Inc.* v. *United States*, C.D. 3016.

IT IS FURTHER STIPULATED AND AGREED that the protests be submitted on this stipulation, the protests being limited to the items marked "A" as aforesaid.

On the agreed facts and following the cited decision on the law, we hold the articles in question, as hereinabove identified, to be properly dutiable at the rate of 20 percent ad valorem under item 722.70 of the Tariff Schedules of the United States as photographic projection screens.

To the extent indicated the protests are sustained and judgment will be rendered accordingly.